## BLUNT *a.* MOTT.

*New York Common Pleas; Special Term, February,* 1860.

### Cause of Action.—Usurping Public Meeting.

The plaintiff hired a room for holding a public meeting, and paid for its use, and the defendants, with the design of preventing the meeting, took possession of the room and passed resolutions opposed to the object of the call, in conse-

quence of which the plaintiff and his associates were unable to hold the meeting proposed.

*Held*, that the plaintiff might recover from defendants the expenses which he had incurred in preparation for the meeting.

Demurrer to complaint.

This was an action against the defendants for disturbing a public meeting, or for preventing a public meeting from being held. It was alleged in the complaint, that on the 16th of February, 1857, Messrs. Blunt, Daniel Lord, W. F. Havemeyer, Peter Cooper, Joseph Hoxie, D. F. Tiemann, and a number of other well-known citizens, issued a call for a public meeting of all citizens who were opposed to legislative grants of railroad franchises and privileges in this city, said meeting to be holden on the 25th of the same month at the Cooper Institute.

The complaint further stated that the defendants and others arrived at the Cooper Institute first, and usurped the functions of the proposed meeting; that the defendant Kerrigan nominated the defendant Mott for chairman ; that he thereupon was called to the chair, which he occupied, and that resolutions were passed entirely opposed to the objects and purposes for which the meeting was called ; that in consequence thereof the plaintiff and his friends were prevented from the concerted action they proposed, and accordingly were compelled to lose the rent and other disbursements which they had paid and made, amounting in all to $120, for which judgment was asked.

The defendants demurred to this complaint, on the ground that it did not show a cause of action. The grounds taken were, first, that plaintiff could not complain that the right sort of resolutions were not passed ; and, second, that the complaint did not show that himself and friends were prevented from using the room at $7\frac{1}{2}$ o'clock, the hour the meeting was called.

*G. Tillotson*, for the plaintiff.

*Mott, Murray & Harris*, for the defendants.

BRADY, J.—The defendants admit by the demurrer that the plaintiff hired the room described for the purpose stated in the complaint, and paid for its use ; that he also published notices

of the meeting, and paid for such publication; that with the design of preventing the meeting from being held, they took forcible possession of the room, and passed resolutions opposed to the objects of the meeting contemplated by the plaintiff's call; and that, in consequence of their acts, the plaintiff and associates were unable to hold the meeting for which the room had been hired and the call published. On these facts, it seems to me that the plaintiff is clearly entitled to recover. He had a right, individually, or in conjunction with others, to call a meeting at the time and in the place named; and having that right, it was unlawful in the defendants to interfere with him— which they acknowledge they did designedly. The plaintiff paid for the use of the room for the purpose of uniting with others in the condemnation of a policy to which he was opposed, and in the exercise of such a right he was entitled to protection from force or violence. The defendants had a similar right to express their approbation of the policy which he condemned, but not in the manner in which it was done in this instance. If the defendants had waited until the hour named for the meeting, and then participating in the proceedings thereof had discussed the question, and carried by motion or resolution any particular scheme, there might be some difficulty in determining whether that was such an interference with the plaintiff's rights as would create a cause of action; but no such question is presented, and I think the demurrer does not involve the points submitted on the argument. The plaintiff having paid $120 for the privilege of uniting with others in the expression of certain views of a public measure, which was his right, and having been deprived of the opportunity by the design of the defendants, should be reimbursed, and is entitled to recover.

Judgment for the plaintiff, with liberty to the defendants to answer in twenty days, on payment of the costs of the demurrer.